UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK J. LANCE<br><br>　　　　Plaintiff<br><br>v.<br><br>PNC BANK, N.A.<br><br>　　　　Defendant | C.A. No. 15-10250-GAO<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Mark Lance ("Lance") filed his complaint against PNC Bank, N.A., in response to its wrongful credit reporting of his discharged mortgage. Despite discharging the mortgage in his Chapter 7 bankruptcy, PNC nevertheless reported the account as past due and in foreclosure. Credit reporting is widely recognized as a method of debt collection. As a result of this unlawful attempt to collect the debt, Lance has filed claims for violation of the bankruptcy discharge injunction order under 11 U.S.C. § 524, violation of the Massachusetts credit reporting statute, G.L. c. 93, § 54A, and violation Massachusetts consumer protection act, G.L. c. 93A. Because the Defendant attempted to collect the discharged debt and misrepresented Lance's personal liability for the mortgage, it violated the injunction order received in his bankruptcy. PNC claims that the Fair Credit Reporting Act preempts Lance's G.L c. 93, § 54A claim, despite an express exemption for the Massachusetts credit reporting statute. Finally, PNC claims that Lance's G.L. c. 93A is also preempted, but the claim stems from the unlawful attempt to collect from Lance, not the inaccurate reporting, and thus is not preempted by the FCRA.

1

Accordingly, Lance should be allowed to pursue his claims for violation of the bankruptcy injunction order, unlawful reporting under the Massachusetts Credit Reporting Act, and violation of Chapter 93A.

## II. ALLEGATIONS OF THE COMPLAINT

In 2008, Lance obtained a mortgage and note in the amount of $474,231.00 from National City Bank on a home located at 165 Playstead Road, Medford, Massachusetts. Complaint, ¶ 6. Shortly thereafter, PNC Bank, N.A. ("PNC") acquired National City Bank and began servicing Lance's loan. *Id.* at ¶ 7. Lance filed for Chapter 7 bankruptcy protection in August of 2010 with Case No. 10-19540. *Id.* at ¶ 8. Included in his bankruptcy was his mortgage in favor of PNC. *Id.* at ¶ 10. On December 1, 2010, Lance received a discharge order in his case. *Id.* at ¶ 9. The discharged eliminated Lance's personal liability for the loan. 11 U.S.C. § 727(b).

PNC began to foreclose on Lance's home in May of 2013. Complaint, ¶ 11. Lance contacted PNC, and on or around January 31, 2014, the parties entered into a permanent loan modification agreement. *Id.* at ¶ 12. Lance did not reaffirm his mortgage with PNC. *Id.*

In July 2014, Lance applied for employment with Mountain One Bank ("Mountain One"). On July 25, 2014, Mountain One offered Lance a position as Vice President Regional Sales Manager & Recruiter. Compl. Ex. C. The offer included an annual salary of $60,000 as well as additional compensation based on performance and commission incentives. Complaint, ¶ 15. Mountain One's offer was contingent upon a background and credit check, which Lance authorized. *Id.* at ¶ 17. Mountain One obtained his credit report, which included a tradeline from PNC reporting that foreclosure

proceedings had started as of May 2013. *Id.* at ¶ 18. PNC also reported that the account was in foreclosure for May, June, July, August, September, October, November, December, and January, with a past due balance of $99,726. *Id.*

On or about July 29, 2014, Lance filed a dispute with Experian, disputing the accuracy of the information furnished by PNC. Complaint, ¶ 20. Despite Lance's explanation that the loan was discharged in bankruptcy and being improperly reported, Mountain One declined to hire Lance based on PNC's tradeline. *Id.* at 21. Lance then informed PNC directly that its improper reporting cost him a job opportunity, and requested PNC properly report the account. Compl, Ex. E. Despite acknowledging the dispute, PNC still reported "Foreclosure proceedings started," and that the account was 180 days past due. Complaint, ¶ 23.

### III. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

The short and plain statement required by Fed. R. Civ. P. 8(a)(2) must simply "possess enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations omitted); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (calling Rule 8 a "simplified notice pleading standard"). A complaint is plausible on its face when "plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ascroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). A court must accept as true the factual allegations in the plaintiff's pleadings and must make all reasonable inferences in favor of the plaintiff. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). The inquiry focuses on "the reasonableness of the

inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

## IV. ARGUMENT

**A.     PNC's Credit Reporting Violated the Bankruptcy Discharge Injunction Order Because It Was an Attempt to Collect a Discharged Debt and Because it Misrepresented Lance's Personal Liability for the Loan.**

PNC violated 11 U.S.C. § 524(a)(2), by improperly reporting Lance's mortgage after it was discharged in the bankruptcy. Under 11 U.S.C. § 524(a)(2), a bankruptcy discharge injunction operates as "an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." The injunction offers debtors a fresh start without the burdens of personal liability for prepetition debts. *Canning v. Beneficial of Maine, Inc. (In re Canning)*, 706 F.3d 64, 69 (1st Cir. 2013).

The Bankruptcy Code provides no specific redress for violations of the discharge injunction, but the First Circuit has held that 11 U.S.C. § 105 may be used to enforce the discharge order and order damages if required. *Pratt v. General Motors Corp.* (*In Re Pratt*), 462 F.3d 14, 17 (1st Cir. 2013) (quoting *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 445 (1st Cir. 2000)); *In re Canning*, 706 F.3d at 69; *U.S. v. Rivera Torres* (*In re Rivera Torres*), 432 F.3d 20, 23 (1st Cir. 2005); *Lumb v. Cimenian* (*In re Lumb*), 401 B.R. 1, 6 (1st Cir. BAP 2009).

Credit reporting has repeatedly held as an attempt to collect a debt. *See Rivera v. Bank On,* 145 F.R.D. 614, 623 (D. P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms"); *Brady v. Credit Recovery,* 160 F.3d 65 (1st Cir. 199) (debt collector

4

liable for credit reporting on consumer account); *Smith v. Encore Capital Group Inc.,* 966 F. Supp. 2d 817 (E.D. Wis. 2013) (denying motion to dismiss for debt collector's inaccurate reporting on credit report).

Here, PNC violated the discharge injunction order by reporting an account balance on Lance's credit report, which was an attempt to collect a debt. While Lance entered in to a loan modification agreement with PNC, at no point did he reaffirm the mortgage. Instead of reporting Lance's mortgage as "discharged in bankruptcy," PNC's report of a past-due balance of $99,726 with an account balance of 466,430, was improper and an attempt to hold Lance personally liable for the discharged mortgage. As such, PNC violated 11 U.S.C. § 524(a)(2), and PNC's motion to dismiss should be denied.

**B.     Lance's G.L. c. 93, § 54A Claim is Not Preempted by the Fair Credit Reporting Act Because the FCRA Exempts the Massachusetts Statute from Preemption.**

Lance's claims are not preempted by the Fair Credit Reporting Act, as the statute provides an exception for the Massachusetts Credit Reporting Act ("MCRA") G.L. c. 93, § 54A. 15 U.S.C § 1691(f). As a result of the exception, Lance's claims are not preempted and PNC's motion must be denied.

Pursuant to G.L. c. 93 § 54A(a), one who furnishes information to a credit reporting agency must "follow reasonable procedures to ensure that information reported to consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete." The FCRA contains nearly identical language, with the caveat that a furnisher is only liable when it fails to conduct a

reasonable investigation after notice of a dispute. 15 U.S.C. § 1681s-2(b). While the FCRA preempts many state reporting laws, Massachusetts and California are specifically exempt.[1]

This express provision to exempt § 54A(a), also applies to § 54A(g), which provides a private right of action for violations of the statute. *Catanzaro v. Experian Information Solutions, INC.,* 671 F. Supp. 2d 256, 261 (D. Mass. 2009). In *Catanzaro*, the plaintiff brought claims for violation of G.L. c. 93, § 54A, claiming Verizon furnished inaccurate information on her credit report. *Id.* at 258. The court denied the defendant's motion to dismiss, holding that § 54A(g) was not preempted by the FCRA. *Id.* at 261. In his opinion, Judge Gorton declined to follow *Islam v. Option One Mortg. Corp.,* 423 F. Supp. 2d 181, 189 (D. Mass. 2006), noting that absent any indication that the Massachusetts Attorney General possessed the right to enforce § 54A, the court would not foreclose the possibility of private enforcement. *Id.* Further, the plain meaning of the preemption clause of the FCRA was to preempt only state laws that constitute "requirements" or "prohibitions," and § 54A(g) was merely a mechanism allowing private enforcement which Congress deliberately chose not to preempt. *Id. See also Henderson v. PNC Bank,* 32 Mass. L. Rptr. 235 (Mass. Supp. Ct. 2014) (finding the *Catanzaro* decision persuasive and holding that § 54A(g) was not preempted by the FCRA.)

---

[1] The FCRA states that "No requirement or prohibition may be imposed under the laws of any state with respect to any subject matter…. relating to the duties of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with the respect to section 54A(a) of chapter 93 of the Massachusetts Annotated laws or with respect to section 1785.25(a) of the California Civil Code." 15. U.S.C. § 1681t(f)

6

Similarly, the Ninth Circuit has also reviewed this preemption issue, in reference to California Civil Code Section 1785.25(g), the California exception the FCRA, and held the enforcement provisions were not preempted. *Gorman v. Wolpoff & Abramson,* 584 F. 3d 1147 (9th Cir. 2009). The Court found that the enforcement provisions did not impose conflicting or inconsistent obligation on furnishers of information, and as such were not preempted. *Id.* at 1172.

PNC erroneously relies on *Leet v. Cellco Partnership,* 480 F. Supp. 2d 422 (D. Mass. 2007*)* and *Gibbs v. SLM Corp.,* 335 F. Supp. 2d 1 (D. Mass. 2004), which give little substantive analysis that without express language § 54A(g) is preempted by the FCRA. These decisions were questioned by Judge Gorton in *Catanzaro,* and even Judge Young in *Islam.* In *Islam,* Judge Young premised his opinion that § 54A was preempted on the parties' representations that the Attorney General could enforce § 54A, despite there being no record of this happening. *Islam,* 432 F. Supp. at 189. Judge Gorton reasoned that if the Attorney General could enforce § 54A, it would be consistent with Congressional intent to have furnishers regulated by government agencies. *Id.* at 187. However, if the state officials did not have the power to enforce, it would be absurd to except § 54A(a) without an enforcement mechanism. *Id.* Thus, absent this case specific stipulation, which is not present in other cases addressing this issue, or in the present case, the FCRA does not preempt § 54A. As PNC's reliance on *Leet, Gibbs,* and *Islam,* are unpersuasive, in accordance with *Catanzaro*, and *Gorman*, Lance's claims should not be preempted.

Here, PNC erroneously furnished information regarding Lance's discharged mortgage. PNC continued to report the mortgage as 180 days past due, in foreclosure,

7

with a past due balance of $99,726, despite the discharge order. Complaint, ¶ 35–38. Even after PNC received notice of the dispute, it continued to furnish inaccurate information about Lance's discharged mortgage. *Id.* ¶ 43. PNC failed to properly report the mortgage as discharged in bankruptcy, and by doing so violated G.L. 93, § 54A. As noted above, these claims are not preempted by the FCRA and accordingly, PNC's motion to dismiss must be denied.

C. **Lance's Chapter 93A Claim is Based on PNC's Unlawful Debt Collection via Credit Reporting, Not Inaccurate Credit Reporting, and Thus is Not Preempted by the FCRA.**

Lance's claim under Chapter 93A is not preempted by the FCRA as it stems from PNC's unlawful attempt to collect the discharged debt, not its violation of the MCRA. As stated above, Lance's mortgage was discharged in his bankruptcy and thus he was no longer personally liable for the mortgage. Despite this, PNC still attempted to collect the discharged debt violating the discharge injunction order and G.L. c. 93A.

Credit reporting has repeatedly been held as an attempt to collect a debt. *See Rivera v. Bank On,* 145 F.R.D. 614, 623 (D. P.R. 1993); *Brady v. Credit Recovery,* 160 F.3d 65 (1st Cir. 199); *Smith v. Encore Capital Group Inc.,* 966 F. Supp. 2d 817 (E.D. Wis. 2013). Lance's mortgage was included in his Chapter 7 discharge on December 1, 2010. Compl. Ex. B. Despite the discharge, PNC continued to allege Lance had a past due balance of $99,726 and an account balance of $465,430. Compl. Ex. D. By stating that Lance was personally responsible for the past due balance, PNC unfairly and deceptively attempted to collect the debt from Lance. This collection actions give rise to Lance's c. 93A claims and are independent of Lance's MCRA claims. As such, they are not preempted as PNC alleges and PNC's motion to dismiss should be denied.

## V. CONCLUSION

For the foregoing reasons, Lance has stated a claim for violation of 11 U.S.C. § 524(a), G.L. c. 93, § 54A, and G.L. c. 93A, that withstands PNC's motion to dismiss. As such, that Motion should be denied.

Respectfully submitted,

Plaintiff,
Mark J. Lance,
By counsel,

/s/ *Sean R. Cronin*
Josef C. Culik (BBO #672665)
Sean R. Cronin (BBO #692257)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
jculik@culiklaw.com
scronin@culiklaw.com

May 1, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 1, 2015.

/s/ *Sean R. Cronin*
Sean R. Cronin